# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARICEL MARCIAL, | |
| Plaintiff, | |
| v. | Case No: 16-cv-6109 |
| | Magistrate Judge Susan E. Cox |
| RUSH UNIVERSITY MEDICAL CENTER; DR. MICHAEL KREMER; in his individual capacity, RAY NARBONE; in his individual capacity; and JILL WIMBERLEY, in her individual capacity, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Defendants have filed a Motion for Leave to File a Counterclaim [Dkt. 76] pursuant to the Illinois Eavesdropping Act. The motion should be denied for lack of subject matter jurisdiction.

Plaintiff's complaint alleges employment discrimination (age, national origin, and race) and retaliation, breach of contract (based on Plaintiff's employee handbook), tortious interference with contract, and tortious interference with prospective economic advantage. Defendants claim that they recently discovered that Plaintiff had surreptitiously recorded a meeting between Plaintiff, Defendant Dr. Michael Kremer, and another hospital administrator on November 19, 2013. Defendants believe that this recording violated the Illinois Eavesdropping Act, and seek leave to file a counterclaim pursuant to that statute.

Federal Rule of Civil Procedure 13 governs counterclaims. Counterclaims may be compulsory or permissive. Compulsory counterclaims arise "out of the transaction or occurrence that is the subject matter of the opposing party's claim . . . [and] do[] not require adding another

party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a)(1)(A)-(B). Although, the Seventh Circuit has construed the phrase "transaction or occurrence" liberally, "the factual allegations underlying each claim must be carefully examined to determine if the claims are logically related." *K&K Iron Works, Inc. v. Am. Railing Sys., Inc.*, No. 07 C 1832, 2008 WL 597607, at *3 (N.D. Ill. Feb. 28, 2008) (citing *Burlington Northern R.R. Co. v. Strong*, 907 F.2d 707, 711 (7th Cir. 1990)). "A court must consider if the 'totality of the claims, including the nature of the claims, the legal basis for recovery, the law involved, and the respective factual backgrounds' suggest the claims are logically related." *Id.*

Permissive counterclaims are defined as "any claim that is not compulsory." Fed. R. Civ. P. 13(b). A permissive counterclaim must have an independent basis for federal jurisdiction. *K&K Iron Works*, 2008 WL 597607, at *5. Supplemental jurisdiction cannot provide the basis for federal jurisdiction. *Id.* (citing *Oak Park Trust and Savings Bank v. Therkildsen*, 209 F.3d 648, 651 (7th Cir. 2000)). As the party wishing to assert jurisdiction, Defendants bear the burden of proving that a jurisdictional basis exists. *Id*, at *2 (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

Here, Defendants have not definitively stated whether their proposed counterclaim is compulsory or permissive. However, the motion implies that it is a permissive counterclaim, stating "Kremer was not able to bring this Counterclaim during the time set by this Court for permissive counterclaims because Marcial concealed the existence off the recording of the November 19, 2013 meeting until she testified about its existence during her deposition testimony on February 28, 2018." (Dkt. 76 at ¶ 13.) The proposed counterclaim states that the basis for the Court's jurisdiction over the counterclaim is supplemental jurisdiction pursuant to 28 U.S.C. § 1367. (Dkt. 76-1 at ¶ 7.) As a permissive counterclaim, the Court would need an

independent basis for federal jurisdiction, and supplemental jurisdiction will not suffice. As such, the Court lacks subject matter jurisdiction over the proposed counterclaim as it is currently pleaded, and the motion should be denied.[1]

To the extent that Defendants may argue that the counterclaim is compulsory, that argument is unavailing because the proposed counterclaim does not arise from the same transaction or occurrence as Plaintiff's claims. A counterclaim brought under the Illinois Eavesdropping Act and Plaintiff's claims for violations of various federal employment discrimination statutes and Illinois state law torts are very different in nature, require development of different factual backgrounds, and would require proof of distinct elements. Even applying the liberal definition espoused by the Seventh Circuit, an Illinois Eavesdropping Act claim does not arise from the same transaction or occurrence as a complaint that primarily alleges employment discrimination and retaliation. As such, the Court denies Defendants' Motion for Leave to File a Counterclaim.

**ENTERED:**

Date: May 9, 2018

_____
U.S. Magistrate Judge, Susan E. Cox

---

[1] The decision would be no different even if the Court followed the line of cases suggesting that "supplemental jurisdiction may be exercised over a permissive counterclaim that does not have an independent basis of jurisdiction as long as the counterclaim otherwise satisfies the requirements for exercising supplemental jurisdiction." *Spaulding Moving and Storage, Inc. v. National Forwarding Co., Inc.*, No. 07 C 4095, 2008 WL 781929, at *2 (N.D. Ill. Mar. 20, 2008) (collecting cases). Federal courts have the power to hear both state and federal claims "where the federal claim has sufficient substance to confer subject matter jurisdiction on the court, and the state and federal claims derive from a common nucleus of operative facts." *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995). The proposed counterclaim and the Plaintiff's claims do not share a common nucleus of operative facts. The evidence that would need to be adduced to prove a violation of the Illinois Eavesdropping Act is almost entirely distinct from the evidence that Plaintiff would need to prove her case. In fact, there is no reference to the November 19, 2013 meeting anywhere in Plaintiff's complaint. As such, the two claims are only tangentially related, and do not satisfy the requirements of supplemental jurisdiction.